**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 10-cv-02450-REB

MARVIN E. OGDEN,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**

**Blackburn, J.**

The matter before me is plaintiff's **Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412** [#21][1] filed May 29, 2012. I grant the motion.

In this case, plaintiff appealed the Commissioner's decision denying disability insurance benefits. I found that the ALJ's committed legal error in failing to afford proper weight to the opinions of plaintiff's treating physician and discrediting plaintiff's subject reports regarding his pain and other functional limitations. I therefore reversed the disability determination and remanded to the Commissioner for further proceedings.

Plaintiff now seeks attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), which provides, in relevant part:

---

[1] "[#21]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

> a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action. . ., including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).[2] As interpreted by the Supreme Court, "substantially justified" means "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988). Stated differently, the test is whether there is a "reasonable basis in both law and fact" for the Commissioner's position. *Id*., 108 S.Ct. at 2550; *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir.), *cert. denied*, 116 S.Ct. 49 (1995). Although the term "'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness," *Pierce*, 108 S.Ct. at 2550, "a position can be justified even though it is not correct, and we believe it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact," *id*. at 2550 n.2. For this reason, a finding that the Commissioner's position was not supported by substantial evidence does not necessarily lead to a finding that the Commissioner's position was not substantially justified. *Hadden v. Bowen*, 851 F.2d 1266, 1268-69 (10th Cir. 1988).

The Commissioner bears the burden of demonstrating that his position was substantially justified. *Gilbert*, 45 F.3d at 1394. I have discretion in determining

---

[2] The parties apparently stipulate that plaintiff is a prevailing party for purposes of the EAJA. *See Shalala v. Schaefer*, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993) (party who secures remand to Commissioner under sentence four of 42 U.S.C. § 405(g) is a prevailing party).

whether this standard has been met. ***Pierce***, 108 S.Ct. at 2548-49; ***Stephenson v. Shalala***, 846 F.Supp. 49, 50 (D. Kan. 1994).  In exercising that discretion, I must consider the case "as an inclusive whole, rather than as atomized line items." ***Commissioner, Immigration and Naturalization Service v. Jean***, 496 U.S. 154, 162, 110 S.Ct. 2316, 2320, 110 L.Ed.2d 134 (1990).  "Being incorrect on one point does not translate into lacking substantial justification for one's litigation position during the entirety of a civil action." ***Jackson v. Chater***, 94 F.3d 274, 279-80 (7th Cir. 1996).

Although the Commissioner sets forth these legal precepts in his brief, he nevertheless fails to carry his burden of demonstrating that his position "during the entirety of the civil action" was substantially justified.  Rather, he has limited his arguments to the narrow issue on which remand was granted.  Moreover, he has done little more than simply disagree with my analysis of the record and offer *post hoc* rationalizations for the ALJ's decision that were never considered at the administrative level.  The Commissioner therefore has failed to meet his burden of proof on the issue of substantial justification.  Accordingly, plaintiff is entitled to an award of attorney fees.

Plaintiff requests attorney fees in the amount of $4,952.25, including time expended in drafting the present motion and its reply.  The Commissioner presents no argument suggesting that the hourly rate requested by plaintiff's counsel or the total amount of time expended or fees requested are excessive or otherwise unreasonable.  Moreover, my own experience suggests that the fees requested are comparable to awards made under the EAJA in similar cases.  Plaintiff therefore is entitled to the

entirety of his requested fees.[3]

**THEREFORE, IT IS ORDERED** as follows:

1.  That plaintiff's **Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412** [#21] filed May 29, 2012, is **GRANTED**; and

2.  That pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), plaintiff is **AWARDED** attorney fees of $4,952.25.

Dated July 9, 2012, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge

---

[3] The Commissioner points out the an award of fees under the EAJA must be made to the prevailing party himself, and not his attorney, *see **Manning v. Astrue***, 510 F.3d 1246, 1249-55 (10th Cir. 2007), **cert. denied**, 129 S.Ct. 486 (2008), and plaintiff does not argue otherwise.